IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MARK AND TAMMY KLINGER,** | : | Civil No. 1:23-CV-257 |
| Plaintiffs, | : | |
| v. | : | |
| **STATE FARM FIRE AND CASUALTY COMPANY,** | : | |
| Defendant. | : | Judge Sylvia H. Rambo |

**M E M O R A N D U M**

Before the court is a partial motion to dismiss the complaint for failure to state a claim filed by Defendant State Farm Fire and Casualty Company ("State Farm"). (Doc. 5.) For the reasons set forth below, the motion will be granted.

**I.   BACKGROUND**

This case arises from a dispute involving Mark and Tammy Klinger's Homeowners Insurance Policy issued by State Farm covering Plaintiffs' Williamsport, Pennsylvania home. (Doc. 1-2 ¶¶ 1-3.) The following facts derived from Plaintiffs' complaint and accompanying exhibits are considered true for purposes of deciding this motion.

Around April 10, 2022, Plaintiffs observed soot disbursed throughout the first floor of their home, which was allegedly caused by a sudden "puff-back" from a propane heater installed in their kitchen, generating tens of thousands of dollars of property damage. (*Id.* ¶ 7; Doc. 1-9 p. 1). The following day, Plaintiffs reported the

1

damage to State Farm. (*Id.* ¶ 8.) On April 13, 2022, two days after Plaintiffs reported their loss, State Farm sent Plaintiffs a letter stating, in relevant part, as follows:

> State Farm is not exercising its option under the insurance policy to repair or replace damaged property. Instead, State Farm will pay to repair the damaged building property covered by your policy, less your deductible, subject to your policy's terms and conditions.

(Doc. 1-3 p. 5.)

The letter also explained that Plaintiffs were enrolled in the insurer's "Premier Service Program" and were therefore permitted to select an independent contractor to estimate the cost of repairs. (*Id.*) Following the correspondence, the parties agreed that a representative from ServiceMaster would be the independent contractor responsible for conducting the repairs. (Doc. 1-2, ¶ 11.) On April 20, 2022, a representative from ServiceMaster visited Plaintiffs' property to inspect the damage. (*Id.* ¶ 13.) During the inspection, Tammy Klinger perceived the ServiceMaster representative as "demeaning" and concluded "she did not want to use the services of that particular ServiceMaster franchise." (*Id.*)

Plaintiffs thereafter sought out and contracted with Jared Luscavage of the Schuylkill Public Adjusting Company to estimate their loss. (*Id.* ¶¶ 14-16.) On May 12, 2022, Mr. Luscavage met with Plaintiffs' State Farm representative, Hugh Givens, to inspect the damage. (*Id.* ¶ 18.) The following week, Mr. Givens sent a "Reservation of Rights" letter to Mr. Luscavage, which states in relevant part:

> There is a question as to whether this Company is obligated under the policy for a loss which is alleged to have occurred on or about April 11, 2022 . . . . There is a question as to whether the origin and cause of the loss was accidental in nature. It is questionable whether the property damage is expected or intended by the insured. It is questionable whether there has been a loss caused by a peril insured against. It is questionable whether the property damage was caused by an occurrence as defined in the policy. . . . The Company does not intend, by this letter, to waive any policy defense(s) in addition to those stated above, but specifically reserves its right to assert such additional policy defenses at any time.

(Doc. 1-4 p. 2.)

Following this letter, Mr. Givens made certain inquiries to Plaintiffs regarding the cause of the loss, and Mr. Luscavage responded on Plaintiffs' behalf. (Doc. 1-2 ¶ 21.)

On June 9, 2022, Mr. Givens sent a letter to Plaintiffs denying coverage for their claim. (*See* Doc. 1-6, p. 2.) The denial letter reads in pertinent part:

> Based on our investigation, we have determined the damages to the structure do not meet the insuring agreement of accidental direct physical loss. The damages the insureds became aware of was the result of the ongoing use of a propane heater which began sometime in March. By April 11th, the ongoing use of this unit generated enough soot to eventually become noticeable on the walls and ceiling. Unfortunately, this type of damage is not covered under the policy.

(*Id.*) The letter further references portions of the policy which, according to State Farm, bar coverage. (*Id.* pp. 2-3.)

In January 2023, Plaintiffs initiated this action by filing a complaint in the Court of Common Pleas of Dauphin County asserting breach of contract and bad

faith in violation of Pennsylvania's bad faith statute, 42 Pa. C.S. § 8371. (Doc. 1-2.) State Farm removed the case to this court (Doc. 1), and thereafter filed a motion to dismiss the bad faith claim for failure to state a claim under Federal Rule of Procedure 12(b)(6). (Doc. 5.) The motion has been fully briefed and is ripe for review.

## I. STANDARD OF REVIEW

To survive a motion to dismiss under Rule 12(b)(6), the plaintiff must allege "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007)). "When reviewing a 12(b)(6) motion, we 'accept as true all well-pled factual allegations in the complaint and all reasonable inferences that can be drawn from them.'" *Estate of Ginzburg by Ermey v. Electrolux Home Prods., Inc.*, 783 F. App'x 159, 162 (3d Cir. 2019) (quoting *Taksir v. Vanguard Grp.*, 903 F.3d 95, 96–97 (3d Cir. 2018)). The facts alleged must be "construed in the light most favorable to the plaintiff." *In re Ins. Brokerage Antitrust Litig.*, 618 F.3d 300, 314 (3d Cir. 2010) (internal quotations, brackets, and ellipses omitted). But "[t]he court is not required to draw unreasonable inferences" from the facts. 5B Charles A. Wright & Arthur R. Miller, Federal Practice & Procedure § 1357 (3d ed. 2004).

The Third Circuit has detailed a three-step process to determine whether a complaint meets the pleading standard. *Bistrian v. Levi*, 696 F.3d 352, 365 (3d Cir. 2014). First, the court outlines the elements a plaintiff must plead to state a claim for relief. *Id.* at 365. Second, the court must "peel away those allegations that are no more than conclusions and thus not entitled to the assumption of truth." *Id.* Third, the court "look[s] for well-pled factual allegations, assume[s] their veracity, and then 'determine[s] whether they plausibly give rise to an entitlement to relief.'" *Id.* (quoting *Iqbal*, 556 U.S. at 679). The last step is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

## II. DISCUSSION

To establish a bad faith claim under 42 Pa. C.S.A § 8371, the plaintiff must demonstrate that the insurer (1) lacked a reasonable basis for denying benefits and (2) knew or recklessly disregarded its lack of a reasonable basis. *Terletsky v. Prudential Prop. and Cas. Ins. Co.*, 649 A.2d 680, 688 (Pa. Super. 1994); *Rancosky v. Washington Nat'l Ins. Co.*, 170 A.3d 364, 365 (Pa. 2017) (adopting the standard outlined in *Terletsky*). The first prong requires proof that the insurer lacked an objectively reasonable basis for denying benefits under the policy, and as such, "[a] reasonable basis is all that is required to defeat a claim of bad faith." *J.C. Penney Life Ins. Co. v. Pilosi*, 393 F.3d 356, 367 (3d Cir. 2004); *see Rosewood Cancer Care, Inc. v. Travelers Indem. Co.*, No. 14-cv-0434, 2016 WL 5407731, at *18 (W.D. Pa.

Sept. 28, 2016) (noting that an objective determination of reasonableness is required).

"The second prong of the test for bad faith requires more than 'mere negligence or bad judgment[.]'" *Durdach v. LM Gen. Ins. Co.*, No. 3:20-cv-0926, 2021 WL 84174, at *4 (M.D. Pa. Jan. 11, 2021) (quoting *Post v. St. Paul Travelers Ins. Co.*, 691 F.3d 500, 523 (3d Cir. 2012)). The plaintiff must offer evidence suggesting that an insurer knew or recklessly disregarded its lack of reasonable basis in denying the claim. *See Employers Mut. Cas. Co. v. Loos*, 476 F. Supp. 2d 478, 490-91, 494 (W.D. Pa. 2007). In other words, the insurer must have acted with scienter. *See Cacciavillano v. Nationwide Ins. Co. of Am.*, No. 3:12-cv-0530, 2012 WL 2154214, at *3 (M.D. Pa. June 13, 2012).

Plaintiffs' principle bad faith claim alleges that State Farm's April 13 correspondence bound it to cover their loss, and that the insurer maliciously denied the claim only upon learning of Plaintiffs' plan to use their own insurance adjuster and after unreasonable delay. (Doc. 1-2 ¶¶ 24-25, 41; Doc. 1-2 ¶ 27, 42; Doc. 1-7 p. 1.) But as State Farm's motion correctly argues, the April 13 correspondence made clear that the company remained focused on investigating Plaintiffs' claim prior to making a final decision on whether the loss was covered. The letter was explicit that State Farm would only pay for damage "covered by your policy" and "subject to your policy's terms and conditions," with subsequent communications from the

company echoing the same limitations. (Doc. 1-3 pp. 5, 8) (agreeing to pay for repairs "covered under [the] policy" and "subject to . . . the policy's terms and conditions"). Interpreting State Farm's communications as a binding commitment to cover the loss would ignore these restrictions and overlook the insurer's clear interest in investigating the matter.[1]

Nor does State Farm's apparent delay in investigating the claim suggest it acted in bad faith. The complaint and documents referenced therein make clear that the claim was evaluated with relative dispatch in around two months, and that at least some of the delay was attributable to Plaintiffs' own refusal to work with the initial contractor from ServiceMaster. (*See* Doc. 1-2 ¶ 13.) The complaint does not point to significant inexcusable periods of inactivity by State Farm or otherwise show apparent unreasonable assumptions or communications by the insurer. *See e.g.*, *Shawnee Tabernacle Church v. GuideOne Ins. Co.*, No. 16-cv-5728, 2019 U.S. Dist. LEXIS 68442, at *21 (E.D. Pa. Apr. 23, 2019) (finding that insurer acted in bad faith where it took approximately six months to reach a coverage determination). By timely visiting the damage site, making appropriate inquiries about the circumstances surrounding the loss, and denying the claim in relatively short order

---

[1] Upon learning of a potential loss, an insurer "has a significant interest in: (1) determining whether the proffered loss or claim falls within the coverage of the policy; (2) if it does or might fall within coverage, (a) ascertaining the actual or likely liability it will assume, (b) minimizing that amount, and (c) setting adequate reserves to meet its potential liability." 13 Couch on Ins. § 186:4.

based on facially reasonable provisions of the underlying policy, State Farm acted sensibly and in good faith throughout the investigation. (*See* Doc. 1-2 ¶¶ 18, 20, 22, 26.; Doc. 1-6 pp. 2-3 (explaining that soot is not a covered cause of loss)).

Plaintiffs' bad faith claim will therefore be dismissed. The record, even at this early stage, demonstrates that State Farm's initial communication did not bind it to cover Plaintiffs' loss, and that the insurer's two month claim investigation was not unreasonable under the circumstances. As such, amendment of the complaint would be futile, and the claim will be dismissed with prejudice.[2]

### III.   CONCLUSION

For the reasons set forth above, Defendant State Farm's motion to dismiss in part will be granted. An appropriate order shall follow.

*/s/Sylvia H. Rambo*
SYLVIA H. RAMBO
United States District Judge

Dated: September 27, 2023

---

[2] The court finds no support for the other bad faith claims laid out in ¶ 48 of Plaintiffs complaint. For instance, Plaintiffs argue that Defendant violated § 8371 by: "Not attempting in good faith, to effectuate a prompt, fair and equitable settlement of Plaintiffs' claim;" "Compelling Plaintiffs to institute the within litigation to recover the amounts due under the policy;" and "In placing its own interest above those of its insureds." (*See* Doc. 1-2 ¶ 48 C, D, G.) Such scattershot claims of bad faith are not adequately plead with factual allegations and lack a reasonable legal basis to survive a motion to dismiss.